# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION AT LEXINGTON

ANGELINA HARRISON,
on behalf of Herself and All Others
Similarly Situated,

Plaintiff,

v.

SEASONAL FOOD CONCEPTS
INCORPORATED d/b/a KONA ICE
OF THE BLUEGRASS, KONA ICE OF
THE VILLE, LLC CO., THOMAS
SCOTT LAMB, and LISA DAWN
LAMB,

Defendants.

Court File No. 26-cv-_____

**PROPOSED COLLECTIVE
ACTION UNDER FLSA AND
EQUAL PAY ACT AND CLASS
ACTION UNDER KWHA**

**JURY DEMANDED**

Serve:
Thomas S. Lamb, Registered Agent for Service
Kona Ice of the Ville, LLC Co.
410 Jake Street
Richmond, Kentucky 40475

Thomas Scott Lamb, President and Managing Agent for Service
Seasonal Food Concepts Incorporated d/b/a Kona Ice of the Bluegrass
410 Jake Street
Richmond, Kentucky 40475

Lisa Dawn Lamb, Vice President and Managing Agent for Service
Seasonal Food Concepts Incorporated d/b/a Kona Ice of the Bluegrass
410 Jake Street
Richmond, Kentucky 40475

Thomas Scott Lamb, individually
410 Jake Street
Richmond, Kentucky 40475

Lisa Dawn Lamb, individually
410 Jake Street
Richmond, Kentucky 40475

1

## COMPLAINT

Comes Plaintiff Angelina Harrison, by and through counsel, and, for her Collective and Class Action Complaint against Seasonal Food Concepts Incorporated d/b/a Kona Ice of the Bluegrass, Kona Ice of the Ville, LLC Co., Thomas Scott Lamb, and Lisa Dawn Lamb, states as follows:

### INTRODUCTION

1.      This is a wage theft, equal pay, and fraudulent payroll practices action. Defendants operated the Kona Ice business at issue through mobile food-service operations and event-based staffing, while requiring non-exempt employees to work extensive hours without the wages, overtime compensation, meal periods, rest periods, accurate records, required notices, and equal pay required by federal and Kentucky law.

2.      Plaintiff brings this action as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), on behalf of herself and all other similarly situated hourly-paid, non-exempt employees, to recover unpaid wages, unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and all other relief available for Defendants' willful violations of the FLSA.

3.      Plaintiff also brings this action under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), on behalf of herself and similarly situated employees, to recover wage differentials, liquidated damages, attorneys' fees, costs, and all other relief available because Defendants intentionally paid Plaintiff and female employees less than similarly situated employees for substantially equal work requiring equal skill, effort, and responsibility under similar working conditions.

4.      Plaintiff further brings this action as a class action under Kentucky's Wage and Hour Act, KRS § 337.010, et seq. (the "KWHA"), including KRS § 337.275, KRS § 337.285, KRS § 337.320, KRS § 337.355, KRS § 337.365, KRS § 337.385, and KRS § 337.423, on behalf of herself and all other similarly situated hourly-paid, non-exempt employees, to recover unpaid wages, unpaid overtime wages, liquidated damages, pre- and post-judgment interest, wage differentials, attorneys' fees, costs, and all other relief available.

5.      Defendants Seasonal Food Concepts Incorporated d/b/a Kona Ice of the Bluegrass and Kona Ice of the Ville, LLC Co. (collectively, the "Corporate Defendants" or "Kona") jointly employed Plaintiff and similarly situated non-exempt employees in connection with Kona Ice mobile food-service operations, including driving, loading, preparing, selling, serving, cashiering, staffing events, cleaning, restocking, communicating with customers, and performing other duties necessary to Kona's business.

6.      Defendants Thomas Scott Lamb and Lisa Dawn Lamb (collectively, the "Individual Defendants" or the "Lamb Defendants") owned, directed, managed, controlled, and/or exercised operational control over Kona, including control over hiring, scheduling, discipline, compensation, payroll, recordkeeping, meal and rest break policies, posting of required notices, and the decision to deny employees legally required wages and benefits.

7.      Defendants did not merely make payroll mistakes. Upon information and belief, Defendants knowingly designed, approved, and maintained pay practices that understated hours worked, underpaid overtime, obscured wage differentials, denied required breaks, concealed employees' rights, and created or maintained payroll records that did not accurately reflect the hours employees actually worked or the wages actually owed.

8.      Plaintiff, through counsel, provided Defendants actual written notice of these illegal pay practices by correspondence dated November 26, 2024. The notice specifically identified Kona's failure to pay overtime, failure to maintain accurate records, failure to post required wage-and-hour notices, failure to provide meal and rest periods, and unequal pay practices. Defendants nevertheless failed and refused to correct the unlawful practices or fully compensate Plaintiff and similarly situated employees.

9.      Defendants' conduct was intentional, willful, fraudulent, in reckless disregard of clearly applicable law, and not in good faith. Defendants benefited from the unlawful practices by retaining wages owed to employees, reducing payroll expenses, shifting the cost of illegal practices to low-wage workers, and concealing the true amount of compensation due.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over Plaintiff's FLSA and Equal Pay Act claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

11.     This Court has supplemental jurisdiction over Plaintiff's KWHA claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and arise from the same set of operative facts.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this District, conduct business in this District, maintain a principal office in Madison County, Kentucky, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

13.     Assignment to the Central Division at Lexington is proper because Madison County, Kentucky is within the Lexington Docket of the Eastern District of Kentucky, and the

4

principal office and service address for the Kona operations at issue is 410 Jake Street, Richmond, Kentucky 40475.

14. Defendants are employers within the meaning of the FLSA, the Equal Pay Act, and the KWHA. Defendants employed Plaintiff and similarly situated employees and suffered or permitted them to work.

15. At all relevant times, Defendants acted directly and indirectly in the interest of one another in relation to Plaintiff and similarly situated employees, and they are jointly and severally liable as joint employers, integrated employers, and/or a common enterprise.

## PARTIES

16. Plaintiff Angelina Harrison is an adult resident of Fayette County, Kentucky.

17. During the relevant statutory period, including from approximately May 2023 forward, Plaintiff was employed by Kona as an hourly-paid, non-exempt employee performing work that was not exempt from the FLSA, the Equal Pay Act, or the KWHA.

18. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to serving as a Plaintiff in this action, and Plaintiff's consent is attached hereto as Exhibit 1.

19. Defendant Seasonal Food Concepts Incorporated is, upon information and belief, a Kentucky corporation and/or business entity doing business as Kona Ice of the Bluegrass.

20. Its principal office and primary business address for the Kona operations at issue is 410 Jake Street, Richmond, Kentucky 40475. It may be served by service of process through its President and managing agent, Thomas Scott Lamb, and/or its Vice President and managing agent, Lisa Dawn Lamb, at 410 Jake Street, Richmond, Kentucky 40475.

21. Defendant Kona Ice of the Ville, LLC Co. is a Kentucky for-profit corporation in active and good standing, with its principal office at 410 Jake Street, Richmond, Kentucky

5

40475, and may be served through its registered agent, Thomas S. Lamb, 410 Jake Street, Richmond, Kentucky 40475.

22.     Upon information and belief, Seasonal Food Concepts Incorporated d/b/a Kona Ice of the Bluegrass and Kona Ice of the Ville, LLC Co. are related Kona Ice entities, affiliates, assumed-name operations, successors, alter egos, and/or commonly controlled entities through which the Lamb Defendants employed Plaintiff and similarly situated employees, controlled payroll, controlled scheduling, and received the benefit of employees' labor.

23.     Defendant Thomas Scott Lamb is, upon information and belief, the owner, President, officer, registered agent, manager, and/or managing agent of the Kona operations at issue. Thomas Scott Lamb exercised operational control over Kona and participated in the formulation and execution of the pay practices challenged herein.

24.     Defendant Lisa Dawn Lamb is, upon information and belief, the owner, Vice President, officer, manager, and/or managing agent of the Kona operations at issue. Lisa Dawn Lamb exercised operational control over Kona and participated in the formulation and execution of the pay practices challenged herein.

25.     The Individual Defendants had the authority to hire and fire employees, set rates of pay, control schedules, approve or deny overtime, determine whether meal and rest breaks would be provided, control payroll and recordkeeping, communicate with employees about compensation, and decide whether the Corporate Defendants would comply with federal and Kentucky wage-and-hour laws.

26.     The Corporate Defendants and the Individual Defendants are collectively referred to herein as "Defendants," "Kona," or the "Kona Enterprise."

**FACTUAL BACKGROUND**

27. Kona operates a mobile food-service and event business that sells and serves shaved ice and related products at schools, businesses, daycares, summer programs, youth sports events, picnics, weddings, major sporting events, festivals, and other public and private events.

28. Plaintiff and similarly situated employees performed non-exempt manual, service, customer-facing, driving, preparation, cashiering, cleaning, loading, restocking, scheduling, and event-staffing work for Kona.

29. Plaintiff and similarly situated employees routinely handled goods and materials that had moved in interstate commerce, including Kona trucks, mobile point-of-sale systems, payment-processing devices, phones, computers, cups, straws, napkins, flavoring products, syrups, uniforms, supplies, equipment, and other materials used in Kona's business.

30. Plaintiff and similarly situated employees also used interstate channels of commerce, including mobile telephones, text messages, email, internet-based scheduling tools, card-processing systems, GPS, and other electronic systems to perform work for Kona and communicate with Defendants, customers, vendors, and event hosts.

31. At all relevant times, Defendants employed two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

32. Upon information and belief, Defendants were an enterprise engaged in commerce within the meaning of the FLSA and had an annual gross volume of sales made or business done of not less than $500,000.00 during the relevant period.

33. Alternatively, Plaintiff and similarly situated employees were individually covered by the FLSA because they were engaged in commerce as part of their regular work.

34. Plaintiff and similarly situated employees were non-exempt employees.

35.    They were not executive, administrative, professional, outside sales, or otherwise exempt employees within the meaning of the FLSA, the Equal Pay Act, or the KWHA.

36.    Kona employees, including Plaintiff, worked extensive hours, including hours in excess of forty (40) in one or more workweeks, throughout Plaintiff's tenure and throughout the relevant limitations period.

37.    Defendants knew or should have known the hours worked by Plaintiff and similarly situated employees because Defendants controlled event schedules, truck assignments, travel, arrival times, closing times, staffing levels, sales operations, and communications concerning work performed.

38.    Despite this knowledge, Defendants failed to compensate Plaintiff and similarly situated employees for all hours worked and failed to pay overtime compensation at one and one-half times the regular rate of pay for hours worked over forty (40) in a workweek.

39.    Defendants' payroll records did not accurately reflect all hours worked by Plaintiff and similarly situated employees and did not accurately reflect all wages owed or paid.

40.    Upon information and belief, the inaccurate payroll records were not accidental. Defendants knowingly maintained incomplete, false, and misleading records to conceal the number of hours employees actually worked, to avoid paying overtime compensation, to conceal wage differentials, and to create the false appearance of compliance.

41.    Defendants instructed, expected, or permitted employees to work before and after recorded or paid time, including preparing trucks, loading supplies, traveling to events, setting up equipment, serving customers, breaking down events, cleaning, restocking, communicating with management, and performing related tasks for Kona's benefit.

42.    Defendants benefited from this off-the-clock, under-recorded, and underpaid work by staffing more events, selling more products, reducing labor costs, and retaining amounts legally owed to Plaintiff and similarly situated employees.

43.    Defendants also failed to provide Plaintiff and similarly situated employees reasonable meal periods required by Kentucky law. Instead, Kona management instructed employees to "eat when you can," which was not a lawful meal-period policy and did not provide employees a duty-free lunch period of at least thirty (30) minutes when required.

44.    Defendants failed to provide Plaintiff and similarly situated employees paid rest periods of at least ten (10) minutes for every four (4) hours worked, as required by Kentucky law.

45.    Because Defendants failed to provide required meal and rest periods, Plaintiff and similarly situated employees were required to remain on duty, serve customers, monitor equipment, handle business operations, and continue working during times that should have been lawful breaks.

46.    Defendants' failure to provide meal and rest periods was intentional and systematic, and it was designed to maximize event revenue and staffing efficiency at employees' expense.

47.    Defendants also subjected Plaintiff and similarly situated female employees to unequal pay. Plaintiff was paid less, required to work longer hours, and assigned worse working conditions than similarly situated employees performing substantially equal work requiring equal skill, effort, and responsibility under similar working conditions.

48.    Any wage differentials imposed by Defendants were not based on seniority, merit, quantity or quality of production, or any other lawful factor other than sex.

49. Defendants failed to maintain, preserve, and produce accurate records of hours worked and wages paid as required by 29 U.S.C. § 211(c), 29 C.F.R. § 516.2, and KRS § 337.320.

50. Defendants failed to post required federal and Kentucky wage-and-hour notices in conspicuous locations where employees could readily view them, in violation of 29 C.F.R. § 516.4 and KRS § 337.200.

51. Defendants' failure to post required notices deprived Plaintiff and similarly situated employees of critical information about their rights and remedies, and it further concealed Defendants' unlawful pay practices.

52. Kona employees, including Plaintiff, have not been properly compensated for hours worked and overtime hours worked; had been subjected to pay discrimination; have been denied required meal and rest periods; have been deprived of required posted notices; and have been subjected to inaccurate timekeeping and payroll record practices.

53. Defendants have failed and refused to fully compensate Plaintiff and similarly situated employees and have failed to cure the unlawful practices.

54. Defendants' violations were willful, intentional, fraudulent, and undertaken in bad faith, and defeats any claim that Defendants acted in good faith or reasonably believed their practices were lawful.

55. Defendants' unlawful pay practices were centrally created and implemented by the Kona Enterprise and applied uniformly or similarly to Plaintiff and the members of the proposed collective and class.

56. The exact amount of unpaid wages, overtime compensation, wage differentials, and damages can be determined from Defendants' records, Plaintiff's records, employee

testimony, schedules, event records, payroll records, electronic communications, point-of-sale records, and other common proof.

## FRAUDULENT CONCEALMENT, WILLFULNESS, AND BAD FAITH

57.    Defendants had statutory duties to maintain accurate records, pay employees lawfully, provide required notices, and refrain from concealing wage-and-hour violations.

58.    Defendants breached those duties by failing to accurately record hours worked, failing to accurately record wages owed and paid, failing to post required notices, and maintaining payroll records that understated or omitted compensable time and wage differentials.

59.    Defendants knew that their payroll records and wage statements were incomplete, false, and misleading because Defendants controlled schedules, event assignments, employee communications, and payroll, and therefore knew employees worked more hours than the records reflected.

60.    Defendants intended Plaintiff and similarly situated employees to rely on Defendants' records, pay practices, statements, and omissions so that employees would continue working, would not demand full payment, and would not timely assert their rights.

61.    Plaintiff and similarly situated employees reasonably relied on Defendants' superior knowledge, control over payroll, control over records, and failure to provide required notices, and they were damaged by being deprived of wages, overtime compensation, equal pay, paid rest periods, meal-period protections, liquidated damages, and the timely assertion of their rights.

62.    Defendants' fraudulent concealment and intentional misrepresentations toll any applicable limitations period to the fullest extent permitted by law and support findings of willfulness, bad faith, reckless disregard, liquidated damages, and all other available relief.

11

63.     Defendants' acts and omissions were not taken in good faith or in conformity with, or in reliance on, any written administrative regulation, order, ruling, approval, interpretation, administrative practice, or enforcement policy of the United States Department of Labor, the Kentucky Labor Cabinet, or any other governmental agency.

## COLLECTIVE ACTION ALLEGATIONS

64.     Plaintiff repeats and re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

65.     Plaintiff brings her FLSA and Equal Pay Act claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and all similarly situated employees.

66.     The proposed FLSA collective is defined as follows: All current and former hourly-paid, non-exempt employees employed by Defendants at any time from May 2023 through final judgment who worked for Kona and were denied lawful wages, overtime compensation, equal pay, accurate records, and/or compensation for all compensable time worked (the "Collective Class").

67.     Plaintiff and the Collective Class are similarly situated because they worked under the same Kona pay policies, payroll practices, scheduling practices, timekeeping practices, break practices, notice practices, and compensation practices described herein.

68.     Plaintiff and the Collective Class performed substantially similar non-exempt work for Kona, including event staffing, customer service, sales, loading, driving, preparation, serving, cleaning, restocking, and other work necessary to Kona's operations.

69.     The claims of Plaintiff and the Collective Class arise from common policies and practices, including Defendants' failure to pay all wages owed, failure to pay overtime

compensation, failure to maintain accurate records, failure to post required notices, failure to pay equal wages for equal work, and intentional concealment of wage violations.

70.    Common questions of law and fact include whether Defendants were employers within the meaning of the FLSA and Equal Pay Act; whether Defendants required, suffered, or permitted employees to work uncompensated time; whether Defendants failed to pay overtime; whether Defendants failed to maintain accurate records; whether Defendants violated the Equal Pay Act; whether Defendants' violations were willful; whether Defendants acted in bad faith; and the amount of damages owed.

71.    Plaintiff's claims are based on the same legal theories as the claims of the Collective Class, and Plaintiff was subjected to the same or similar unlawful pay practices as the Collective Class.

72.    The Collective Class is readily ascertainable from Defendants' payroll records, schedules, event records, personnel records, electronic communications, tax records, point-of-sale records, and other records Defendants are required to maintain.

73.    Notice can be provided to the Collective Class by first-class mail, email, text message, telephone, and other methods using the last known contact information maintained by Defendants.

74.    Plaintiff requests that the Court authorize notice to be sent to all similarly situated employees informing them of this action and their right to opt in under 29 U.S.C. § 216(b).

75.    Although the exact amount of damages may vary among members of the Collective Class, damages can be calculated using common proof and a common formula based on hours worked, wages paid, overtime owed, wage differentials, and liquidated damages.

## CLASS ACTION ALLEGATIONS

76.     Plaintiff repeats and re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

77.     Plaintiff also brings her Kentucky law claims on behalf of herself and a Rule 23 class pursuant to Fed. R. Civ. P. 23.

78.     The proposed Rule 23 Class is defined as follows: All current and former hourly-paid, non-exempt employees employed by Defendants at any time from May 2023 through final judgment who worked for Kona and were denied lawful wages, overtime compensation, equal pay, meal periods, rest periods, accurate records, required notices, and/or compensation for all compensable time worked (the "Rule 23 Class").

79.     Plaintiff is a member of the Rule 23 Class she seeks to represent.

80.     The Rule 23 Class members are readily ascertainable because their names, addresses, telephone numbers, email addresses, schedules, job titles, hours worked, wages paid, and other identifying information are available from Defendants' records.

81.     Upon information and belief, Defendants employed numerous hourly-paid, non-exempt workers in seasonal, event-based, and mobile food-service positions during the relevant period. Given the turnover and recurring event staffing needs of the Kona business, the Rule 23 Class is so numerous that joinder of all members is impracticable.

82.     Plaintiff and the Rule 23 Class share common questions of law and fact, including whether Defendants failed to pay all wages owed, failed to pay overtime compensation, failed to provide required meal and rest periods, failed to maintain accurate records, failed to post required notices, paid unequal wages for equal work, and intentionally concealed illegal pay practices.

83.     Plaintiff's claims are typical of the claims of the Rule 23 Class because Plaintiff and the Rule 23 Class were subjected to the same Kona policies, practices, procedures, and omissions.

84.     The claims of Plaintiff and the Rule 23 Class arise from Defendants' common course of conduct and do not depend on Plaintiff-specific circumstances.

85.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiff's interests are aligned with the interests of the Rule 23 Class, and Plaintiff has no interests antagonistic to the class.

86.     Plaintiff has retained counsel experienced in wage-and-hour litigation, collective actions, class actions, employment litigation, and complex civil litigation.

87.     Common questions predominate over any questions affecting only individual members because the claims arise from Defendants' common pay practices, recordkeeping practices, notice practices, meal and rest break practices, and equal pay practices.

88.     A class action is superior to other available methods for fairly and efficiently adjudicating the controversy because the damages suffered by individual employees are modest in comparison to the cost of individual litigation, and many workers reasonably fear retaliation, blacklisting, loss of hours, or other adverse treatment if forced to proceed individually.

89.     Class treatment will promote judicial economy, avoid inconsistent adjudications, conserve the resources of the parties and the Court, and permit the vindication of important public policies embodied in Kentucky wage-and-hour law.

90.     The issues in this action can be decided by common proof, including Defendants' policies, payroll records, schedules, event records, communications, testimony, and other business records.

91.     Accordingly, Plaintiff is entitled to pursue her Kentucky law claims as a class action pursuant to Fed. R. Civ. P. 23(b)(3).

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*

92.     Plaintiff repeats and re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

93.     Plaintiff asserts this claim on behalf of herself and all members of the Collective Class who opt in to this action pursuant to 29 U.S.C. § 216(b).

94.     Defendants are employers within the meaning of 29 U.S.C. § 203(d), and Plaintiff and the Collective Class are employees within the meaning of 29 U.S.C. § 203(e).

95.     During all relevant times, Plaintiff and the Collective Class were covered employees entitled to the protections of the FLSA.

96.     The FLSA requires covered employers to pay covered non-exempt employees at least the federal minimum wage for all compensable hours worked and overtime compensation at a rate not less than one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in a workweek. See 29 U.S.C. §§ 206 and 207.

97.     Plaintiff and the Collective Class were not exempt from the FLSA's minimum wage and overtime requirements.

98.     Defendants violated the FLSA by failing to keep accurate records of all hours worked by Plaintiff and the Collective Class; failing to compensate Plaintiff and the Collective Class for all compensable time worked; requiring, suffering, or permitting off-the-clock work; failing to include all remuneration in the regular rate; and failing to pay overtime compensation at one and one-half times the regular rate for hours worked over forty (40) in a workweek.

16

99.     Defendants' violations were willful because Defendants knew or showed reckless disregard for whether their conduct was prohibited by the FLSA. Defendants' willfulness is confirmed by their control over schedules and payroll, their failure to keep accurate records, their failure to post required notices, and their failure to cure the violations after actual notice.

100.    Defendants did not act in good faith and had no reasonable grounds for believing their conduct complied with the FLSA.

101.    As a direct and proximate result of Defendants' FLSA violations, Plaintiff and the Collective Class suffered damages, including unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and all other relief available under 29 U.S.C. § 216(b).

## COUNT II
## VIOLATIONS OF THE KENTUCKY WAGE AND HOUR ACT
### KRS § 337.010, *et seq.*

102.    Plaintiff repeats and re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

103.    Plaintiff asserts this claim on behalf of herself and the Rule 23 Class pursuant to Fed. R. Civ. P. 23.

104.    Defendants are employers within the meaning of the KWHA, and Plaintiff and the Rule 23 Class are employees entitled to the protections of the KWHA.

105.    Kentucky law requires employers to pay covered employees for every hour worked in a workweek, including the applicable minimum wage and all wages due. *See* KRS § 337.275, *et seq.*

106.    Kentucky law requires employers to pay overtime compensation at not less than one and one-half times an employee's regular rate of pay for all hours worked over forty (40) in a workweek. *See* KRS § 337.285 and 803 KAR 1:060.

107.    Kentucky law requires employers to keep accurate records of employees' hours worked and wages paid. *See* KRS § 337.320.

108.    Kentucky law requires employers to provide a reasonable meal period to employees and paid rest periods of at least ten (10) minutes during each four (4) hours worked. *See* KRS § 337.355 and KRS § 337.365.

109.    Kentucky law requires employers to post required wage-and-hour notices in a location where employees can readily observe them. *See* KRS § 337.200.

110.    Plaintiff and the Rule 23 Class were not exempt from the protections of the KWHA.

111.    Defendants violated the KWHA by failing to pay all wages due, failing to pay overtime compensation, failing to maintain accurate records, failing to provide required meal periods, failing to provide required paid rest periods, failing to post required notices, and concealing the true hours worked and wages owed.

112.    Defendants' violations of the KWHA were intentional, willful, fraudulent, in reckless disregard of clearly applicable law, and not in good faith.

113.    Pursuant to KRS § 337.385, Plaintiff and the Rule 23 Class are entitled to recover unpaid wages, unpaid overtime compensation, liquidated damages in an amount equal to unpaid wages, attorneys' fees, costs, and all other relief available under Kentucky law.

**COUNT III**
**VIOLATION OF THE EQUAL PAY ACT OF 1963**
**29 U.S.C. § 206(d)**

114.    Plaintiff repeats and re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

115.    Plaintiff asserts this claim on behalf of herself and all similarly situated employees who opt in pursuant to 29 U.S.C. § 216(b).

116.    The Equal Pay Act prohibits an employer from discriminating between employees on the basis of sex by paying wages to employees at a rate less than the rate at which the employer pays wages to employees of the opposite sex for equal work on jobs requiring equal skill, effort, and responsibility, performed under similar working conditions, except where the wage differential is based on a lawful factor.

117.    Plaintiff and similarly situated female employees performed work substantially equal to the work performed by similarly situated male employees and/or other comparators in Kona's operations, requiring equal skill, effort, and responsibility under similar working conditions.

118.    Defendants paid Plaintiff and similarly situated female employees less, required them to work longer hours for less pay, or subjected them to less favorable compensation practices than similarly situated employees performing substantially equal work.

119.    The wage differentials at issue were not based on seniority, merit, quantity or quality of production, or any lawful factor other than sex.

120.    Defendants' violations were willful, intentional, and in reckless disregard of the Equal Pay Act, and Defendants failed to cure the violations after actual notice.

121.    Plaintiff and similarly situated employees are entitled to recover the wage differentials owed, an equal amount as liquidated damages, attorneys' fees, costs, and all other relief available under 29 U.S.C. §§ 206(d) and 216(b).

## COUNT IV
## VIOLATION OF KENTUCKY EQUAL PAY LAW
### KRS § 337.423

19

122. Plaintiff repeats and re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

123. Plaintiff asserts this claim on behalf of herself and the Rule 23 Class pursuant to Fed. R. Civ. P. 23.

124. KRS § 337.423 prohibits an employer from discriminating between employees in the same establishment on the basis of sex by paying wages to employees at a rate less than the rate at which the employer pays wages to employees of the opposite sex for comparable work on jobs requiring comparable skill, effort, and responsibility.

125. Plaintiff and similarly situated employees performed comparable work to employees who were paid more favorably and who performed comparable work under similar working conditions.

126. Defendants intentionally paid Plaintiff and similarly situated employees less and/or imposed compensation practices that resulted in lower pay for equal or comparable work.

127. Defendants cannot establish that the wage differentials were based on any lawful exception, including seniority, merit, production quantity or quality, training, education, experience, or any other bona fide factor other than sex.

128. Defendants' violations were willful, intentional, fraudulent, and in reckless disregard of Kentucky law.

129. Plaintiff and the Rule 23 Class are entitled to recover all wage differentials, liquidated damages, attorneys' fees, costs, interest, and all other relief available under Kentucky law.

**COUNT V**
**WAGE-AND-HOUR AND EQUAL PAY ACT RETALIATION**
**29 U.S.C. §§ 215(a)(3) and 216(b); KRS §§ 337.990(9), 337.990(11), and 446.070**

130. Plaintiff repeats and re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

131. Plaintiff asserts this Count individually and, to the extent supported by discovery, on behalf of all similarly situated employees who were retaliated against, threatened, intimidated, disciplined, discharged, constructively discharged, denied work, denied shifts, harassed, or otherwise discriminated against because they asserted federal and/or Kentucky wage-and-hour and equal pay act rights.

132. The Fair Labor Standards Act makes it unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint, instituted or caused to be instituted any proceeding under or related to the FLSA, testified or is about to testify in any such proceeding, or otherwise asserted rights protected by the FLSA. *See* 29 U.S.C. § 215(a)(3).

133. Kentucky law likewise prohibits an employer from discharging or in any other manner discriminating against any employee because such employee has made a complaint to the employee's employer, to the Commissioner, or to the Commissioner's authorized representative that the employee has not been paid wages in accordance with KRS §§ 337.275 and/or 337.285, or because such employee has caused to be instituted, or is about to cause to be instituted, any proceeding under or related to KRS § 337.385, or has testified or is about to testify in any such proceeding. *See* KRS § 337.990(9).

21

134.    Kentucky law further prohibits retaliation against an employee because the employee has complained, instituted or caused to be instituted any proceeding, or testified or is about to testify in any proceeding under or related to Kentucky's equal-pay statutes, KRS §§ 337.420 to 337.433, including KRS § 337.423. *See* KRS § 337.990(11).

135.    Plaintiff engaged in protected activity under the FLSA and Kentucky law by objecting to and reporting Defendants' intentional, fraudulent, and illegal wage-and-hour practices, including but not limited to Defendants' failure to pay all wages owed, failure to pay overtime wages, failure to accurately record and report all hours worked and wages paid, failure to provide legally required meal and rest periods, failure to post required wage-and-hour notices, and payment of unequal wages for substantially equal work.

136.    Defendants had actual knowledge of Plaintiff's protected activity.

137.    After receiving actual notice of Plaintiff's protected activity, Defendants retaliated against Plaintiff by constructively discharging Plaintiff, reducing or eliminating Plaintiff's scheduled hours, removing Plaintiff from events, denying Plaintiff profitable shifts, and harassing Plaintiff, thereby materially changing the terms and conditions of Plaintiff's employment.

138.    Defendants' retaliatory acts were materially adverse because they would dissuade a reasonable employee from asserting wage-and-hour rights, demanding lawful wages, objecting to illegal pay practices, participating in this lawsuit, cooperating in any investigation or proceeding, or assisting other employees in vindicating their statutory rights.

139.    A causal connection exists between Plaintiff's protected activity and Defendants' adverse actions.

140. Defendants had actual knowledge of Plaintiff's protected complaints, the adverse actions occurred after and because of those complaints, and the timing, hostility, shifting explanations, deviation from ordinary employment practices, refusal to correct known wage violations, and continued concealment of payroll irregularities demonstrate retaliatory intent.

141. Defendants' stated reasons for the adverse actions, were false, pretextual, and fraudulently manufactured to conceal the true retaliatory motive.

142. Defendants used false explanations, incomplete payroll records, inaccurate time records, misleading communications, and/or other deceptive conduct to disguise unlawful retaliation as legitimate employment action.

143. Defendants retaliated intentionally, willfully, maliciously, fraudulently, and in reckless disregard of Plaintiff's clearly established rights.

144. Defendants' retaliation was designed to punish Plaintiff for asserting wage-and-hour rights, deter Plaintiff and other employees from demanding lawful pay, chill participation in this collective and class action, prevent cooperation with government agencies or counsel, and conceal Defendants' ongoing wage theft and unlawful payroll practices.

145. Defendants' retaliatory conduct violated 29 U.S.C. § 215(a)(3), KRS § 337.990(9), KRS § 337.990(11), KRS § 446.070, and the fundamental public policies of the Commonwealth of Kentucky protecting employees who assert statutory wage-and-hour rights.

146. As a direct and proximate result of Defendants' retaliation, Plaintiff suffered damages, including but not limited to lost wages, lost overtime wages, lost benefits, lost employment opportunities, emotional distress and humiliation to the extent recoverable, consequential losses, liquidated damages under the FLSA, damages under Kentucky law,

attorneys' fees, costs, pre-judgment interest, post-judgment interest, and all other legal and equitable relief available.

147. Plaintiff is entitled to legal and equitable relief under 29 U.S.C. § 216(b), including employment, reinstatement, promotion, front pay, back pay, lost wages, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs.

148. Plaintiff is further entitled to damages under KRS § 446.070 and Kentucky public policy, civil penalties to the extent recoverable or assessable under KRS § 337.990, punitive damages to the extent permitted by Kentucky law, injunctive relief prohibiting further retaliation, and all other relief necessary to make Plaintiff whole and deter Defendants from further intentional, fraudulent, and illegal retaliation.

149. Plaintiff seeks all available relief under this cause of action.

## COUNT VI
## FRAUDULENT CONCEALMENT, INTENTIONAL MISREPRESENTATION, AND EQUITABLE TOLLING

150. Plaintiff repeats and re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

151. Plaintiff asserts this claim on behalf of herself, the Collective Class, and the Rule 23 Class to the fullest extent permitted by law.

152. Defendants had superior knowledge of the hours employees worked, the wages employees were owed, the wages employees were paid, the requirements of federal and Kentucky wage-and-hour law, and the content of the payroll and timekeeping records that Defendants controlled.

153. Defendants knowingly made material misrepresentations and omissions by maintaining false, incomplete, and misleading payroll records; failing to disclose compensable

24

time; failing to disclose overtime owed; failing to disclose equal pay violations; failing to post required notices; and representing by pay practices, records, and omissions that employees were paid lawfully.

154. Defendants knew these representations and omissions were false or misleading, or acted with reckless disregard for their truth, because Defendants controlled schedules, payroll, employee communications, and records.

155. Defendants intended Plaintiff and similarly situated employees to rely on the misrepresentations and omissions by continuing to work, accepting deficient pay, refraining from demanding full compensation, and not timely asserting wage claims.

156. Plaintiff and similarly situated employees reasonably relied on Defendants' superior knowledge, records, statements, omissions, and failure to post required notices, and they were damaged by the loss of wages, overtime compensation, equal pay, break-related compensation, liquidated damages, and timely access to their legal rights.

157. Defendants' fraudulent concealment and intentional misrepresentations toll any applicable limitations periods, defeat any defense of good faith, support liquidated damages, and entitle Plaintiff and similarly situated employees to all relief available under law and equity.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b), designating Plaintiff as representative of the Collective Class, and authorizing notice to all similarly situated employees;

B. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23, designating Plaintiff as representative of the Rule 23 Class, and appointing Plaintiff's counsel as class counsel;

C. A finding that Defendants were joint employers, integrated employers, and/or a common enterprise and are jointly and severally liable for the violations alleged herein;

D. A finding that Defendants violated the FLSA, the Equal Pay Act, the KWHA, and Kentucky equal pay law;

E. A finding that Defendants' violations were willful, intentional, fraudulent, in bad faith, and not based on any reasonable or good-faith belief that their practices complied with the law;

F. A judgment against Defendants, jointly and severally, for all unpaid wages, unpaid overtime compensation, unpaid minimum wages, equal pay wage differentials, compensation for denied meal and rest periods, and all other unpaid and underpaid compensation;

G. A finding that Defendants violated the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3), and Kentucky law, including KRS §§ 337.990(9), 337.990(11), 446.070, and the public policy of the Commonwealth of Kentucky;

H. A judgment against Defendants, jointly and severally, for all retaliation damages, including back pay, front pay, lost wages, lost overtime wages, lost benefits, lost employment opportunities, consequential damages, liquidated damages under 29 U.S.C. § 216(b), damages under Kentucky law, punitive damages to the extent

26

permitted by Kentucky law, pre-judgment interest, post-judgment interest, attorneys' fees, and costs;

I.  Liquidated damages to the fullest extent permitted under the FLSA, the Equal Pay Act, the KWHA, and Kentucky law;

J.  Equitable tolling and/or tolling based on Defendants' fraudulent concealment to the fullest extent permitted by law;

K.  Pre-judgment and post-judgment interest to the fullest extent permitted under applicable federal and Kentucky law;

L.  Litigation costs, expenses, and reasonable attorneys' fees to the fullest extent permitted by law;

M.  An order requiring Defendants to preserve and produce payroll records, time records, schedules, event records, communications, policies, pay data, tax records, and all records concerning hours worked, wages paid, and the unlawful practices alleged herein;

N.  Such other and further relief as this Court deems just and proper in law and equity.

**JURY DEMAND**

Plaintiff demands a jury as to all claims so triable.

Dated: May 27, 2026.

**<u>VERIFICATION</u>**

I have read the foregoing and declare, under penalty of perjury, that the factual allegations contained herein are true and accurate to the best of my knowledge and belief.

By:  _____
Angelina Harrison

**MORRIS & MORRIS, P.S.C.**

By:     */s/ James M. Morris*
        James M. Morris
        Tyler J. Morris
        Sharon K. Morris
        217 North Upper Street
        Lexington, Kentucky 40507
        Telephone: (859) 281-6981
        Facsimile: (859) 233-7876
        **ATTORNEYS FOR PUTATIVE CLASS**